UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| GYPSY D. GONZALEZ and JOSE M. GONZALEZ, wife and husband, | ) ) ) | NO.  CV-07-3034-LRS |
| Plaintiffs, | ) ) | ORDER DISMISSING CLAIMS AGAINST DEFENDANTS |
| -vs- | ) ) | LINDSTROM AND YAKIMA VALLEY FARM WORKERS CLINIC AND |
| MERCK & CO,, INC., d/b/a Merck, a New Jersey corporation, JAMES E. LINDSTROM, M.D., an individual, and YAKIMA VALLEY FARM WORKERS CLINIC, | ) ) ) ) ) | STAYING CASE |
| Defendants. | ) ) | |

BEFORE THE COURT is Defendant Merck & Co., Inc.'s [Merck] Motion to Stay All Proceedings Pending a Decision on Transfer by the Judicial Panel on Multidistrict Litigation, Ct. Rec. 10, filed June 21, 2007; and Defendants James E. Lindstrom, M.D.'s and Yakima Valley Farm Workers Clinic's Motion for Judgment on the Pleadings in Favor of Defendants Lindstrom and Yakima Valley Farm Workers Clinic, Ct. Rec. 18, filed June 29, 2007.  The motions were noted for July 23, 2007 without oral argument.

A.  Background

Multidistrict litigation proceedings, which this case is part of, have been established in the Eastern District of Louisiana to coordinate

ORDER - 1

all federal product liability actions involving Vioxx, *In re Vioxx Prods. Liab. Litig.*, 360 F.Supp.2d 1352 (J.P.M.L. 2005).  On June 5, 2007 Defendant Merck removed this action from Yakima County Superior Court to this Court based on diversity jurisdiction under 28 U.S.C. §1332.  On June 8, 2007, Merck provided notice to the Judicial Panel on Multidistrict Litigation [MDL Panel] of the pendency of this "tag-along" action pursuant to Rule 7.5(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.  On July 12, 2007, the Court received a letter from the Chairman of the MDL Panel indicating that a notice of opposition to the Panel's conditional transfer order in this matter was presently before the Panel pursuant to 28 U.S.C. §1407.  The letter additionally indicated that jurisdiction continued with this Court until any transfer ruling became effective.  The letter also invited this Court to rule on any pending motions before it.  This Court has chosen to rule on Defendants Lindstrom and Yakima Valley Farm Workers Clinic's [Defendants] motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) and RCW 7.70.150 and Defendant Merck's motion to stay proceedings.

  B.  <u>Defendants' FRCP 12(c) Motion</u>

    Defendants request the Court to dismiss the case against them based on Plaintiffs' failure to file a certificate of merit that complies with RCW § 7.70.150(5)(a).  Plaintiffs concede that they did not comply with all procedural requirements but urge that a dismissal without prejudice is the appropriate remedy rather than a dismissal with prejudice. Plaintiffs argue that a dismissal with prejudice is a harsh result and not favored by courts.

ORDER - 2

1    Defendants reply that they are seeking a dismissal of the case

2  against Defendants Lindstrom and Yakima Valley Farm Workers Clinic only

3  and such dismissal is not intended to be with prejudice or a judgment on

4  the merits.   Defendants state that the Court should simply dismiss the

5  action pending against these two defendants pursuant to Fed.R.Civ.P.

6  12(c).

7    Indeed RCW 7.70.150(5)(a) reads:

8       (5) (a) Failure to file a certificate of merit that
        complies with the requirements of this section is
9       grounds for dismissal of the case.

10 It is undisputed that Plaintiffs did not file a certificate of merit as

11 required by RCW 7.70.150.

12    A Rule 12(c) motion provides a vehicle for summary adjudication on

13 the merits, after the pleadings are closed but before trial, which may

14 save the parties needless and often considerable time and expense which

15 otherwise would be incurred during discovery and trial.   Fed. R. Civ.

16 Pro. 12(c); *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir.

17 1993).   Generally, this means that a Rule 12(c) motion must await the

18 answers of all defendants.  *Moran v. Peralta Community College Dist.*, 825

19 F.Supp. 891, 893 (N.D.Cal.1993).   A pleading's legal conclusions and

20 inferences will not be deemed admitted, *Northern Ind. Gun & Outdoor

21 Shows, Inc. v. City of South Bend*, 163 F.3d 499, 452 (7th Cir.1998), but

22 Rule 12(c) judgment will be granted if the pleadings demonstrate that the

23 moving party is entitled to judgment as a matter of law.   *Fajardo v.

24 County of Los Angles*, 179 F.3d 698, 699 (9th Cir.1999).

25    Rule 12(c) may be employed as a vehicle for raising several of the

26 defenses enumerated in Rule 12(b), including the defense of failure to

ORDER – 3

1   state a claim upon which relief may be granted.  *See* 5 Wright & Miller,

2   Federal Practice and Procedure: Civil s 1367.  Dismissal may be based on

3   either the lack of a cognizable legal theory or the absence of sufficient

4   facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica*

5   *Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Judgment on the

6   pleadings is only warranted where it appears beyond doubt that the

7   plaintiff will be unable to prove any facts to support the alleged claims

8   for relief.  *Daniel v. County of Santa Barbara*, 288 F.3d 375, 380 (9th

9   Cir.2002).

10      In this case, as all Defendants have answered Plaintiffs' Complaint,

11   the Court finds that Defendants' Rule 12(c) motion is <u>timely</u>. RCW

12   7.70.150 does not provide the Court with guidance on the type of

13   dismissal that it contemplates.  "Courts have discretion to grant leave

14   to amend in conjunction with 12(c) motions, and may dismiss causes of

15   action rather than grant judgment."  *Moran*, 825 F.Supp. at 893 (citing

16   *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir. 1979)).

17      The mere fact that this motion is couched in terms of a motion for

18   judgment on the pleadings does not prevent the Court from disposing of

19   the motion by dismissal rather than by judgment.  Therefore, the claims

20   against Defendants Lindstrom and Yakima Valley Farm Workers Clinic are

21   dismissed without prejudice.

22      C.  <u>Defendant Merck's Motion to Stay</u>

23      Defendant Merck requests a stay of all proceedings pending a

24   decision on the transfer by the MDL panel.  Defendant Merck argues that

25   judicial economy mandates a stay of this matter and that absent a stay,

26   Merck will be prejudiced.

ORDER - 4

The other parties to this action have not opposed Defendant Merck's motion to stay.  The Court agrees with Defendant Merck and well settled case law that dictates a stay should be granted to promote judicial economy.

Accordingly,

**IT IS HEREBY ORDERED** that:

1. Defendants James E. Lindstrom, M.D.'s and Yakima Valley Farm Workers Clinic's Motion for Judgment on the Pleadings in Favor of Defendants Lindstrom and Yakima Valley Farm Workers Clinic, **Ct. Rec. 18**, filed June 29, 2007 is **GRANTED**.  The claims against Defendants Lindstrom and Yakima Valley farm Workers Clinic are **DISMISSED without prejudice**.

2. Defendant Merck & Co., Inc.'s Motion to Stay All Proceedings Pending a Decision on Transfer by the Judicial Panel on Multidistrict Litigation, **Ct. Rec. 10**, filed June 21, 2007 is **GRANTED**.  This case is **STAYED** pending a decision from the MDL Panel.

The District Court Executive is directed to file this Order and provide copies to counsel.

DATED this 2nd day of August, 2007.

*s/Lonny R. Suko*

_____

Lonny R. Suko
United States District Judge

ORDER - 5